To THE PETITION OF COUNSEL FOR APPELLANT FOR A REHEARING
JUDGE COFER
delivered the following response of the court:
In their petition for a rehearing counsel cite the case of Basham v. The Commonwealth, 13 Bush, 37, in support of the proposition that the county court may lawfully accept the bond of a sheriff, elected at a regular election, after the first Monday in January next succeeding the election. They recognize the fact that Basham was appointed to fill a vacancy, but argue that, as the statutes make no provision whatever for the execution of a bond by a sheriff appointed to fill a vacancy, the decision in that case, that Basham’s bond was a good statutory bond, amounts to a decision that when a sheriff is entitled, under the constitution, to enter upon the duties of his office, it is the duty, ex necessitate, of the county court to accept his bond.
The statute provides that when there is a vacancy in the office of sheriff it shall be filled by the county court, and the constitution requires that before a sheriff shall enter upon the duties of his office he shall execute bond. It was therefore very properly held in that case that the bond was a good statutory bond. Though there was no express statutory authority to take it, yet such authority was plainly implied.
The sheriff appointed could not act until he gave bond, and power to accept the bond was a necessary incident to the power to appoint. The power to appoint was nugatory without power to do whatever was legally requisite to render the appointment effectual.
But there can be no implied power to accept a bond at a *650 time when the legislature has declared that the office shall be declared vacant. It would be doing obvious violence to the language of the legislature 'to suppose that, after declaring that if a sheriff shall fail to execute bond on, or before the first Monday in January next succeeding his election, the office shall be declared vacant, it was the intention of that body that it should be the legal duty of the county court to accept his bond after that time.
There is not only a provision that the bond shall be executed on or before a given day, and an omission to make provision for its execution after that day, but section 12, chapter 82, shows that the omission was not casual but designed.
Basham’s case, so far from giving support to the position of counsel, uses this language directly supporting the conclusion reached in this case, “The county courts have no authority to accept the revenue-bond, after the first Monday in January, from a sheriff who was in office or who ought to have been in office on that day.”
We fully concur with counsel that “A court will so construe legislative enactments as to embrace subjects and confer powers which were manifestly intended to be embraced or conferred, though never so obscurely expressed, when necessary to sustain a right, rather than to declare an omission in legislation, and allow a right to be defeated,” etc.
But this latitude of construction will never be indulged when the power in question was not only not manifestly intended to be conferred, but was expressly intended to be withheld. To provide that a bond shall be given on or before a given day, and that if not so given the office shall be declared vacant, is equivalent to providing that if not given on or before the designated day it shall not be given at all. Grant, for the sake of the argument, "that so much of the statute as declares that the office shall be declared vacant is unconstitutional, the language still remains to show that when *651 the legislature declared in section 3, chapter 100, that the bond shall be executed on or before the first Monday in January, it was not intended to make it the duty of the county court to take it after that day.
Nor does the fact that the Revised Statutes provided for the execution of sheriff's bonds after the first Monday in January succeeding their election militate against our conclusion. "Vye do not hold that the language of section 4, article 6 of the constitution authorizes the conclusion that the framers of the constitution intended that the failure to execute bond on or before the first Monday in January should deprive the sheriff of his office. On the contrary, the Revised Statutes, adopted soon after the constitution went into effect, and which, with various amendments, continued in force for more than twenty years, did not prescribe any time within which a sheriff should execute his official bond, except that it was provided by section 12, chapter 71, that if the official bond of officers generally was not given and the oath of office taken within a month of the time when the officer was elected or received notice of his appointment, or of the time when his appointment ought to take effect, the office should be forfeited. This allowed sheriffs thirty days after the first Monday in January to execute bond, and was a contemporaneous legislative construction of the constitution which is entitled to much weight in construing that instrument. (Collins v. Henderson, &c., 11 Bush, 74.)
Nor can the acts prior to the Revised Statutes be called in to aid the appellant. Those statutes were repealed by the adoption of the Revised Statutes, and were not revived by the repeal of these statutes, or their transfer to the General Statutes, which must now be taken to be a complete code of laws as to all subjects attempted to be provided for therein. (Broaddus v. Broaddus, 10 Bush, 299.)
Petition overruled.